**Harold GLASS et al.**

v.

**PHILADELPHIA ELECTRIC COMPANY.**

**Civ. A. No. 73–1140.**

United States District Court,
E. D. Pennsylvania.

Sept. 2, 1974.

---

John C. Anderson, Philadelphia, Pa., for plaintiffs.

William T. Coleman, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

On April 30, 1974, this Court issued an Order granting plaintiffs' motion for an extension of time in which to determine whether this suit should proceed as a class action. Plaintiffs were directed to complete discovery and to file a motion for class action determination within forty-five (45) days of the filing of the above Order. The Court granted the plaintiffs the right to file a class action motion despite the fact that the plaintiffs had failed to move for a class determination within the 90-day time period provided in Local Rule of Civil Procedure 45(c).

Presently before the Court is plaintiffs' second request for an extension of time in which to file a motion for a class action. Coupled with the request for an extension of time, plaintiffs seek an Order requiring the defendant to answer plaintiffs' second set of interrogatories. For reasons stated hereinafter, plaintiffs' motions will be denied.

The complaint was filed against Philadelphia Electric Company on May 22, 1973, alleging racial discrimination in employment. As indicated above, plaintiffs failed to file a motion for class determination within the time provided in Local Rule of Civil Procedure 45(c). It was not until February 27, 1974, that plaintiffs first moved for an extension of time in which to take discovery and to file a motion for class action. In view of the fact that the defendant had entered into a Consent Decree with the United States Department of Justice on September 19, 1973, this Court granted the requested extension of time and directed plaintiffs to undertake discovery relevant to the question of the propriety of this case proceeding as a class action. The Court's Order of April 30, 1974, suggested that plaintiffs' discovery should focus upon the extent to which Philadelphia Electric Company had complied with the terms and provisions of the aforesaid Consent Decree and the number of black employees of Philadelphia Electric Company who were not covered by the Consent Decree. In accordance with the Court's Order, plaintiffs' class action motion was to be submitted on or about June 14, 1974.

Despite the Court's Order of April 30, 1974, plaintiffs failed to initiate any meaningful discovery until May 24, 1974, when plaintiffs served a series of written interrogatories upon Philadelphia Electric Company. Although Fed.R.Civ. P. 33(a) allows the party served thirty (30) days from the date of service to respond to interrogatories, defendant responded on June 10, 1974, so as to provide the plaintiffs ample opportunity to prepare and file a motion for class action by June 14, 1974. Plaintiffs did not move for determination of the class by the prescribed date but filed the in-

stant motion on June 21, 1974. The asserted basis of the plaintiffs' failure to file the appropriate motion on the date directed by the Court was the alleged inadequacy of the defendant's responses to plaintiffs' interrogatories.

■ The Court has carefully reviewed the eleven interrogatories propounded by the plaintiffs. The first five interrogatories are not relevant to a determination of the propriety of a class action in this case and are not in compliance with the Court's Order of April 30, 1974. Defendant's objections to the five interrogatories will, therefore, be sustained.

■ Interrogatories numbers 9, 10, and 11 were also properly objected to on the grounds that such interrogatories exceed the scope of the discovery suggested in the Court's previous Order. Finally, the documents and data provided in response to interrogatories 6 through 8 were sufficient to enable plaintiffs to prepare and file a motion for class action determination by June 14, 1974.

■ Plaintiffs' motion for an extension of time in which to determine whether this suit should proceed as a class action will be denied for failure to comply with the Court's Order of April 30, 1974. The Court finds no merit in plaintiffs' argument that the inadequacy of the defendant's responses to the interrogatories precluded the filing of the motion for class action. The interrogatories were not filed until approximately twenty-five days after the Court's Order and only twenty-two days before the motion was due, thus allowing the defendant a very limited time for response. In addition, plaintiffs engaged in no meaningful communication with the defendants concerning the interrogatories or the issue of class certification and failed to request an extension of time within the time period provided by the Court.