Eunice Jeanette BACHMAN, Plaintiff,

v.

M. LOWENSTEIN & SONS, INC., Amalgamated Clothing and Textile Workers of America, Textile Workers Union of America, and Local 254, Defendants.

Civ. A. No. 79–0204.

United States District Court, D. South Carolina, Columbia Division.

Oct. 12, 1979.

Lucy M. Knowles, Columbia, S. C., for plaintiff.

J. Hamilton Stewart, III, John S. Burgin, Greenville, S. C., for M. Lowenstein & Sons, Inc.

Herbert E. Buhl, III, Columbia, S. C., J. David James, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N. C., for Union defendants.

## ORDER ON MOTION TO COMPEL DISCOVERY AND TO VACATE ORDER

HEMPHILL, District Judge.

Plaintiff has moved this court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling discovery and for an order, pursuant to Rule 60(b)(1) & (3), Fed.R.Civ.P.,[1] vacating this court's order of July 11, 1979 which denied plaintiff's motion to extend the period of discovery. This is an action by a former employee of defendant Lowenstein charging Lowenstein with discharging plaintiff in violation of a union agreement, and charging Local 254 with failure to properly handle her grievance. Plaintiff's requests for admissions, requests for production of documents and interrogatories have gone unanswered on the grounds that they were untimely served. This court has reviewed the briefs of counsel on this issue and on the issue of extending discovery through vacation of this court's previous order, and finds that neither motion is meritorious.

This action was filed on January 30, 1979 alleging plaintiff's termination was in violation of a collective bargaining agreement in effect between the company and the Textile Workers' Union of America; and further alleging that defendant unions failed to properly process her grievances regarding this discharge.

On February 15, Lowenstein served its answer denying the allegations of the complaint and asserting that Bachman was discharged because she refused to perform job duties assigned to her in accordance with the provisions of the aforementioned collective bargaining contract. On February 22, 1979, this court issued an order extending the time until March 23, 1979, during which the union defendants could answer the complaint. On March 23, 1979, defendant unions served their answer on plaintiff and Lowenstein by mailing copies of their answer to plaintiff and co-defendant Lowen-

---

1. Rule 60(b)(1) & (3) reads:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . ., misrepresentation, or other misconduct of an adverse party; . . . .

stein. On March 28, 1979, defendant unions' answer was filed with this court. On June 25, 1979, plaintiff mailed her Request for Extensions of Discovery Period and its various discovery requests to Lowenstein and the unions. These requests were filed with this court on June 26, 1979. On June 26, 1979, plaintiff filed a motion requesting a ninety day extension to complete discovery in this case. This court denied plaintiff's motion for an extension of time in an order dated July 11, 1979, because it was not filed until six (6) days after the time period for discovery had expired (i. e., 96 days from the date defendant unions had served their answer on plaintiff by mail). On August 16, 1979, plaintiff filed her motion to compel answers to the interrogatories, requests for admissions, and requests for production of documents. On September 7, 1979, plaintiff filed her motion to vacate the July 11th order.

In this district the local rules say that the discovery period expires *90 days after joinder of the issues.*[2] Plaintiff posits that the joinder of issues occurs when a defendant's answer is *filed* with the Clerk of Court, in this case March 28, 1979, while defendants assert the 90 days commence when the answer is *served*, in this case by mail on March 23, 1979. By deleting the day of service or filing, Rule 6(a), Fed.R.Civ.P.,[3] and counting until the end of business of the last day in the count, this court's calculations indicate the ninety day period would expire on June 26, 1979 under plaintiff's theory and on June 21, 1979 under defendants' theory. Obviously plaintiff's requests, dated June 25, 1979, would have been timely if the period is calculated from the date of filing with the Clerk of Court.

■ Joinder of issues occurs when the basic factual and legal questions raised by the parties "crystallize"—i. e., when defendant answers or otherwise responds to the allegations set forth in plaintiff's complaint. The question presented in the instant case is whether this crystallization occurs on the date that the answer is served or when it is filed. Rule 12(a), Fed.R.Civ.P., states that "a defendant shall *serve* his answer within 20 days after the service of the summons and complaint upon him." (Emphasis added.) In contrast to the specific time period regarding *service*, Rule 5(d) of the Fed.R.Civ.P. merely requires that the answer be *filed* with the court "either before service or within a reasonable time thereafter" (emphasis added). Clearly, service of the answer—not its filing—is the "key" event from a procedural standpoint. Therefore, the date of service determines when the issues in a case are joined.

■ Substantially, the issues in this action were set and defined when defendant unions served their joint answer on March 23. The routine and standard procedure of filing this answer in the court's records added nothing to plaintiff's allegations or the defenses raised by defendants. For the above reasons, the issues in this case were "joined" on March 23 when the unions' answer was served by mail on plaintiff—not when it was actually filed by the court clerk on March 28.

■ Anticipating the holding that the discovery materials were served four days after the June 21, 1979 expiration of discovery, plaintiff contends that pursuant to Rule 6(e), Fed.R.Civ.P., she should have been allowed an extra three (3) days for discovery. Since this date would fall on Sunday, June 24th, plaintiff contends that

2. The local rule filed January 17, 1966 reads in pertinent part:

"It is ordered that pre-trial discovery in all civil cases filed in this court be completed within a period of ninety days following the joinder of issues."

3. Fed.R.Civ.P. 6(a) states, in pertinent part: Time

(a) Computation.—In computing any period of time prescribed or allowed by these rules, by

the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

. . .

Rule 6(a) would extend the period until the end of the day of the 25th.

Rule 6(e) says:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Rule 6(e) sets forth a general policy applicable to all federal district courts regarding unspecified "acts". Here, however, the local rules of the South Carolina District Courts specifically state that *all discovery shall* be completed within a liberal 90 days from the date the issues are joined. Rule 6(e) should not be applied in these circumstances. Because plaintiff's discovery materials were served outside the prescribed time limits for discovery, plaintiff's request for discovery materials is denied.

Plaintiff's motion to vacate the order of July 11, 1979 asserts that the court's decision was based on a statement by Lowenstein & Sons that plaintiff's motion was filed six (6) days after the discovery period had run and that this statement is either a mistake or a misrepresentation.

Plaintiff is correct, her motion was not six days late but only four days late. But because this discrepancy is immaterial and does not affect the ultimate determination that plaintiff's motion was untimely, this court will not vacate its July 11th order. *Glass v. Philadelphia Electric Co.*, 64 F.R.D. 559, 8 FEP Cases 1242 (E.D.Pa.1974) (when a party is dilatory in pursuing discovery and the time period for discovery has expired, any attempt to reopen discovery must be denied).

Further, plaintiff's June 26 motion failed to show "good cause" or "unusual circumstances" warranting an extension of time for discovery. Nor does the June 26 motion indicate that plaintiff pursued discovery methods available to her during the "original specified period." Since her present motion also fails to address these issues, this court has been presented with no grounds for vacating its prior order. Accordingly, plaintiff's motion to vacate is denied.

Therefore, it is the holding of this court that plaintiff's motions to compel discovery and to vacate an order are without merit and the same are hereby denied.

AND IT IS SO ORDERED.